[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDING OF FACT AND CONCLUSIONS OF LAW
The plaintiff Advantage Office, LLC brought a complaint against Ralph Gangitano and Corpinteriors, Inc. The matter was tried to the court without a jury on July 13, 2000. The complaint was in three counts. The first count alleged breach of contract against Corpinteriors, Inc. The second count, essentially on a theory of piercing the corporate veil, alleged that Ralph Gangitano was personally liable for the debt of Corpinteriors, Inc., and the third count alleged a violation of the Connecticut Unfair Trade Practice Act against both the corporate defendant and the individual defendant.
The defendants claimed a setoff of $140,000.00 for machinery, equipment and product delivered to the plaintiffs and filed a counterclaim that the CT Page 9574 plaintiff tortuously interfered with the defendants' relationship with the New York Power Authority.
At the conclusion of the trial the court ruled for the defendant Ralph Gangitano on the question of personal liability for breach of contract. The court ruled for both the corporate and individual defendant on the Connecticut Uniform Unfair Trade Practice Act. The court reserved decision on the breach of contract claim against the corporate defendant, Corpinteriors, Inc. After the court had ruled from the bench on counts two and three, the defendants withdrew the counterclaim.
COUNT TWO: PERSONAL LIABILITY
1. The court found that the plaintiff failed to prove that Gangitano employed the company as a mere instrumentality or agent of himself and failed to prove that there was no distinct identity between the two in law and equity.
2. The plaintiff failed to prove that Gangitano used his control of Corpinteriors to direct the cash of his business operations to his personal use rather than to pay creditors of Corpinteriors.
3. The plaintiff failed to prove that the control exercised by Gangitano was used to commit a fraud or wrong upon the creditors of the corporation, to strip the corporation of its ability to pay its creditors in the ordinary course of business or to commit a dishonest or unjust act in contravention of the plaintiff's legal rights.
4. Based upon the above findings of fact, the court finds that the plaintiff failed to sustain its burden of proof on Count Two and enters judgment for the defendant Ralph Gangitano.
COUNT THREE: CUTPA
1. The findings of fact made with regard to Count Two are also found as facts with regard to Count Three.
2. The plaintiff failed to prove any practice which is immoral, unethical or oppressive and/or unscrupulous on the part of either defendant.
3. Based upon the above findings of fact, the court concludes that the plaintiff is not entitled to recover damages from either defendant pursuant to Connecticut General Statute § 42-110a, et. seq. and enters judgment on Count Three for each defendant. CT Page 9575
COUNT ONE: BREACH OF CONTRACT
1. The plaintiff has sold and delivered goods to Corpinteriors and Corpinteriors has failed and refused and continues to fail and refuse to pay for those goods.
2. The defendant is indebted to Advantage Office, LLC in the amount of $44,632.77. [See Plaintiff's Exhibit 5].
3. The defendants have failed to prove that the plaintiff continues to be indebted to either defendant in any amount.
4. The defendants have failed to prove the claimed setoff of $140,000.00.
5. Based upon the facts found, the court enters judgment for the plaintiff Advantage Office, LLC against the defendant Corpinteriors, Inc. only in the amount of $44,632.77.
THE COURT
By _______________ Kevin E. Booth, J.